UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                          )
                                )
Jerry Louis Patillo,            )   Case No. B-11-10172
                                )
         Debtor.                )
                                )
_____)

## OPINION AND ORDER

This case came before the Court on July 26, 2011, for hearing on the Objection to Claim (the "Objection"), filed by the above-referenced debtor, Jerry Louis Patillo, on June 20, 2011. The Objection sought to disallow William Murphy's claim against the estate. Kenneth M. Johnson appeared on behalf of the debtor. John F. Bloss appeared on behalf of creditor William Murphy.

### JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) which this court may hear and determine.

### BACKGROUND

On February 7, 2011, the debtor filed his chapter 13 bankruptcy petition. William Murphy filed a secured claim of $23,569.75. The claim is based on a default judgment entered pre-

petition, on August 3, 2010, by the Superior Court in Guilford County, North Carolina. An award of $7,000 was trebled pursuant to N.C. Gen. Stat. § 75-16, to $21,000. The judgment included interest at the legal rate from the date of the filing of the state court action. The judgment attached to the debtor's real property at 1623 Glen Ridge Road, Greensboro, North Carolina. See N.C. Gen. Stat. § 1-234.

The Objection argued that Mr. Murphy had not completed all of the work necessary to entitle him to a $7,000 claim and that in any event, the judgment should not be for more than $7,000. The Objection asserted that Mr. Murphy's claim should be disallowed.

## ANALYSIS

Federal courts must give to state court judgments "the same full faith and credit . . . as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. Thus, to determine the effect of a North Carolina default judgment, the court must look to the law of North Carolina.

"Res judicata, or claim preclusion, bars the relitigation of any claims that were or could have been raised in a prior proceeding between the same parties." Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008). The Fourth Circuit held that a default judgment would not be given collateral estoppel (issue preclusion) effect under North Carolina law. Id. at 291. However, a default judgment would be given res judicata (claim preclusion) effect. Id.

at 289 (citing <u>Holly Farm Foods, Inc. v. Kuykendall</u>, 442 S.E.2d 94, 97-98 (N.C. App. 1994), and <u>Naddeo v. Allstate Insurance Co.</u>, 533 S.E.2d 501, 505-07 (N.C. App. 2000)). The Restatement also supports this view. <u>Id.</u> (citing Restatement (Second) of Judgments § 17 cmt. d (1982)).

Under North Carolina law, <u>res judicata</u> bars the relitigation of a claim based on a default judgment. In this case, a final, default judgment has been entered, adjudicating Mr. Murphy's claim against the debtor. Therefore, the debtor is precluded by <u>res judicata</u> from relitigating the claim.

Now, therefore, it is ORDERED, ADJUDGED AND DECREED that the Objection is overruled.

This 8th day of August, 2011.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Kenneth M. Johnson, Esq.
P.O. Box 21247
Greensboro, NC 27420

John F. Bloss, Esq.
127 N. Greene Street, 3rd Floor
Greensboro, NC 27401

Anita Jo Troxler, Trustee